UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BRIAN ZAHN,<br><br>        Plaintiff,<br><br>    v.<br><br>R.L. BROWNLEE, ACTING SECRETARY, DEPARTMENT OF THE ARMY,<br><br>        Defendant. | NO. CV-03-0356-EFS<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR JUDICIAL NOTICE and MOTION FOR DISCOVERY, GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR RECONSIDERATION, and DENYING AS MOOT MOTIONS IN LIMINE** |

    Before the Court, without oral argument, are several motions filed by Plaintiff, to which the Defendant responded: (1) Plaintiff's Request for Judicial Notice, (Ct. Rec. 88), (2) Plaintiff's Motion for Discovery, (Ct. Rec. 112), and Plaintiff's Motion for Reconsideration, (Ct. Rec. 95), taken together with Plaintiff's Objections to February 2, 2005, Order, (Ct. Rec. 85). Plaintiff's primary contention is the Court erroneously granted the Defendant's dispositive motions, submitting he presented sufficient evidence to create a genuine issue of material fact supporting his retaliation, hostile work environment, discrimination, and other causes of action. Defendant opposes Plaintiff's reconsideration motion, arguing the Court's previous decisions were correct. Based on

1

the analysis below below, the Court denies Plaintiff's motions for judicial notice and discovery, but grants in part and denies in part Plaintiff's reconsideration motion/objection. In particular, the Court finds Plaintiff's following claims survive: (1) retaliation claim in connection with the issuance of the "do not report to work" instructions under Title VII (related to overtime grievance) and, if Mr. Zahn is found to have been considered disabled by the Defendant, under the Rehabilitation Act, Americans with Disabilities Act ("ADA"), and R.C.W. § 49.60 *et seq.* and (2) disability-related claim under the Rehabilitation Act, ADA, and R.C.W. § 49.60 *et seq.* that Defendant, if found to have considered Mr. Zahn as disabled, failed to engage in an interactive process to find reasonable accommodation(s). However, the Court finds its previous rulings in connection with the remaining causes of actions and claims correct and, therefore, all other causes of action and claims are dismissed, *absent* Mr. Zahn's Fourteenth Amendment cause of action, which the Defendant is given leave to file a dispositive motion within three weeks of receipt of this Order. As a result of these rulings, the Court's previous decision granting the Defendant's motion for summary judgment is supplemented herein, with the Court ultimately granting in part and denying in part the Defendant's motion for summary judgment. The Court will issue a separate Amended Scheduling Order, resetting the bench trial.

**A.   Plaintiff's Request for Judicial Notice**

The Court denies Plaintiff's Request for Judicial Notice, (Ct. Rec. 88). The Defendant's response to Plaintiff's discovery request was late,

thereby, deeming the requests for admissions admitted. However, the Court finds the circumstances compel the Court to permit the late response due to the organization and style of Plaintiff's discovery request and the extensive discovery and briefing that occurred during the time when the discovery responses were due. *See French v. United States*, 416 F.2d 1149, 1152 (9th Cir. 1968). Yet, the Court notes a party seeking relief is to be proactive in seeking an extension prior to the expiration of the deadline.

**B.  Plaintiff's Motion to Reopen Discovery, (Ct. Rec. 112)**

Plaintiff asks the Court to reopen discovery for a number of reasons: (1) concern whether claimed privilege is appropriate, (2) to receive backpay information, (3) to receive requested annual personnel reviews for coworkers in order to prove disparate treatment based upon illegal discriminatory motive, (4) to subpoena requests for two unnamed parties to be called for rebuttal and impeachment purposes and for production of Defendant's witnesses, and (5) to require an exhaustive search by the Defendant for any further withheld relevant documents. Following the filing of this motion, Plaintiff filed three separate "Evidence Filings," (Ct. Recs. 104, 116, & 119). The Defendant opposes Plaintiff's requests.

The Court accepts the Plaintiff's late-filed Evidence Filings and considers such in connection with Plaintiff's Motion for Reconsideration; however, the Court denies Plaintiff's Motion for Discovery in all other aspects. The Court previously reviewed the claimed privileged material and entered an Order regarding such; the Court finds no further review

3

Case 2:03-cv-00356-EFS    Document 125    Filed 09/14/05

is necessary.  In addition, the Court finds Plaintiff's request for backpay information and subpoena requests moot given Plaintiff's Evidence Filings and the Court's previous ruling requiring backpay information. The Court does not find the co-workers' annual personal reviews material to any of Plaintiff's timely-filed claims.  Given the amount of discovery which has occurred in this lawsuit and the underlying EEOC action, the Court finds it unnecessary to order Defendant to engage in another search for relevant information.  For these reasons, the Court denies Plaintiff's discovery motion.

**C.   Plaintiff's Motion for Reconsideration and Plaintiff's Objections to February 2, 2005, Order**

Mr. Zahn filed objections to the Court's February 2, 2005, Order, in the form of an Objection, (Ct. Rec. 85), and a Motion for Reconsideration, (Ct. Rec. 95).  Given the Affidavit of Ed Reynolds submitted by Plaintiff on March 16, 2005, the Court entered an Order on March 24, 2005, asking the Defendant to file a response to Plaintiff's motion for reconsideration and objections.  (Ct. Rec. 108.)  The Defendant filed its response on April 8, 2005, (Ct. Rec. 111), asking the Court to uphold its previous order dismissing Plaintiff's case on the grounds that motions for reconsideration are disfavored and Plaintiff did not establish a need for reconsideration.

The Court agrees that motions to reconsider are disfavored and that Plaintiff did not file the Objections or Motion for Reconsideration within ten days of entry of the February 2, 2005, Order.  However, given the complicated issues involved in this suit, Plaintiff's *pro se* status,

4

and Plaintiff's Evidence Filings, the Court will consider Plaintiff's concerns to the February 2, 2005, Order.

1. Retaliation

Mr. Zahn submits the Defendant retaliated against him for filing a grievance and due to a disability by taking adverse employment actions including (1) subverting the arbitration hearing pertaining to Mr. Zahn's overtime grievance, (2) forcing Mr. Zahn to retire, (3) lowering the quality of the office equipment and office space Mr. Zahn used, (4) sending Mr. Zahn a "do not report to work" instruction and then failing to work with Mr. Zahn to bring him back to work, (5) failing to pay Mr. Zahn for his attendance at the arbitration hearing, (6) failing to follow the statutory and regulatory restrictions regarding dissemination of Mr. Zahn's medical information, and (7) retaining an armed guard to be on the worksite following the submission of the "do not report to work" instructions to Mr. Zahn. A *prima facie* case of retaliation requires a plaintiff to show: "(1) involvement in a protected activity, (2) an adverse employment action, and (3) a causal link between the two." *Coons v. Sec. of the U.S. Dep't of the Treasury*, 383 F.3d 879, 885 (9th Cir. 2004) (quoting *Brown v. City of Tucson*, 326 F.3d 1181, 1887 (9th Cir. 2003)). For purposes of the dispositive motions, Defendant conceded that Plaintiff engaged in protected activity. Accordingly, the primary disputes are whether the Defendant took an adverse employment action and whether a causal link exists between Mr. Zahn's protected activity.

///
///

### a. Arbitration Subversion Claim

Mr. Zahn argues the Corps and Union reached an agreement regarding Mr. Zahn's grievance and this agreement caused the arbitration to be a sham and an unfair proceeding. The Court does not find the exhibits highlighted by Plaintiff alter the Court's previous ruling that the arbitration subversion claim is not properly before this Court. Mr. Zahn should have exhausted his remedies by appealing the arbitrator's decision. In addition, the arbitrator's decision is not an adverse action as the arbitrator is a neutral third-party. Accordingly, the Court denies Plaintiff's motion/objection in part.

### b. Forced Retirement Claim

Mr. Zahn objects to the Court's ruling that his forced retirement claim was untimely on the grounds the Corps did not issue a Notice of Personnel Action, approving his disability retirement, until October 18, 2001, and, therefore, his EEOC forced disability retirement claim on December 5, 2001, is timely if the Court allows a period for mailing delays. The Court finds its previous conclusion correct.

An individual asserting a Title VII, Rehabilitation Act, or Americans with Disabilities claim must exhaust administrative remedies. The EEOC regulations require an employee to "initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action." 29 C.F.R. § 1614.105(a)(1). Subsection (a)(2) allows for extension of this time period if the employee:

> shows that he or she was not notified of the time limits and

> was not otherwise aware of them, that he or she did not know and reasonably should not have been known that the discriminatory matter or personnel action occurred, that despite due diligence he or she was prevented by circumstances beyond his or her control from contacting the counselor within the time limits, or for other reasons considered sufficient by the agency or the Commission.

*Id.* § 1614.105(a)(2). Here, Mr. Zahn sent an email on October 9, 2000, to Nancy January, the Corps' contact person for such matters, stating, in pertinent part, "I have just received today a letter from OPM that the application for retirement has been approved." (Ct. Rec 27: Defendant's 08/20/04 Statement of Material Facts, Exhibit L-2.) Mr. Zahn submits the forty-five day period should not begin accruing on this date as the retirement had not yet become effective. The Court agrees as the time period does not begin running until "the effective date of the action," 29 C.F.R. § 1614.105(a)(1). Regardless, the Court concludes Mr. Zahn failed to comply with the forty-day requirement given that the effective date of the action was October 11, 2001. (Ct. Rec 27: Defendant's 08/20/04 Statement of Material Facts, Exhibit D.) The Notification of Personnel Action lists the "effective date" as October 11, 2001, and the "approval date" of October 18, 2001. It appears Mr. Zahn likely did not get a copy of this Notification of Personnel Action until after October 18, 2001. However, the forty-five day period begins accruing the date Mr. Zahn's disability retirement became effective, *see James v. England*, 332 F. Supp. 2d 239, 245-46 (D.D.C. 2004), absent the requirements of 29 C.F.R. § 1614.105(a)(2) being satisfied. The Court finds Plaintiff did not satisfy subsection (a)(2) given that Mr. Zahn was aware on October 9, 2005, that a personnel action was reasonably likely to occur.

7

Accordingly, the December 5, 2001, email did not timely raise the forced or involuntary retirement claim.  Accordingly, the Court denies in part Mr. Zahn's motion/objections.

                *c.*    *"Downgraded" Equipment and Office*

The Court previously held Plaintiff did not provide sufficient evidence of a "downgraded" equipment or office and so denied the motion on this basis.  Plaintiff disputes that he failed to provide evidence regarding the downgraded equipment or office, pointing to the "ROI Testimony" compact disc ("c.d.") submitted in connection with Court Records 67 and 68.  The Court appreciates Plaintiff bringing such c.d. to the Court's attention, and the Court issued a Text Order on August 4, 2005, asking Plaintiff to resubmit the materials contained on the ROI Testimony c.d., given that the Court's version was "unreadable."  (Ct. Rec. 122.)  After reviewing the materials submitted on c.d. "No. 50 ROI Vol. 1 & 2," the Court finds a triable issue exists as to whether the equipment or office provided constituted an adverse action.  However, the Court finds Plaintiff failed to present sufficient evidence establishing a casual link between his protected activity and the assignment of this office and computer equipment.

As early as March 2000, the Corps planned on remodeling the computer room; yet, the remodeling efforts did not begin in January 2001, which correspondingly resulted in Mr. Zahn not having a completed office or computer system when he returned.  On October 24, 2000, Lee Schreiber circulated an email listing which personal computers ("PCs") would be replaced; Bryan Zahn was one of the individuals getting a computer

replacement. (Ct. Rec. 124: c.d. No. 50 ROI Vol. 1 at 136.) This plan was again reiterated in an email sent by David McCormack, a computer specialist at the dam, dated December 14, 2000, indicating desktop PCs were to be replaced and/or rotated. *Id.*: c.d. No. 50 ROI Vol. 2 at 141. The email indicated that the new PCs would arrive in February 2001 and that assignment of the new PCs and rotation of other PCs were to be based on job requirements. Accordingly, this computer assignment policy was in place prior to Plaintiff returning to work in the end of December 2000 and applied to the workplace in its entirety. Furthermore, this not only shows that the Corps took planning steps consistent with Mr. Zahn returning to work, but also planned on providing him with a better quality computer; these facts are inconsistent with Mr. Zahn's claim that the assignment of the work space and equipment was in retaliation for his protected activity. In addition, the Court finds it worthy to note that Plaintiff had not worked on-site since the end of June 2000; accordingly, he had not been using his previously assigned office space or computer for approximately six months.

Lastly, Plaintiff and Mr. Reynolds had discussed a "transitional" working arrangement, which involved Plaintiff working first in the Administrative Building and then transitioning to Plaintiff's previous work area by slowly spending a larger percentage of time in the Control Room area rather than the Administrative Building. *Id.*: EEOC CD Vol. 2 at 270. The evidence shows this arrangement was reached in hopes of reducing the amount of stress Mr. Zahn would experience during his return to work. *Id.* at 314: Ed Reynolds 11/01/00 email.

9

Accordingly, the Court finds Mr. Zahn is unable to show that either his claimed disability or his workplace grievance motivated the assignment of the computer equipment or office space.[1] Thus, the Court

---

[1] Although the Court's ruling is not contingent upon the following, the Court takes the opportunity to note that there is no indication in the record that Mr. Zahn informed Mr. Skibby or another supervisor regarding his concerns about the office and computer equipment in the "transitional" working space. Mr. Zahn did discuss such concerns to Ms. Espinoza, his EEOC contact; however, such letters did not state whether Mr. Zahn brought such concerns to his supervisors. (Ct. Rec. 124: c.d. No. 50 ROI Vol. 2 at 116-18.) In fact, in one of the letters to Ms. Zahn, Mr. Zahn writes:

> The pc in my office is not even functional, does not have a power supply in it even, and it is not even cabled up. It is just an abandoned piece of equipment set there. Quite honestly I am sure that when any of this is brought to his attention, Mr. Skibby will be able to find some excuse.

*Id.* at 118. This evidences that as of January 4, 2001, Mr. Zahn had not brought his concerns regarding his temporary office to Mr. Skibby's attention. Mark Jenson did fill out a "Memorandum for Record" dated January 2, 2001, in which he discussed that he had gone to the transitional working office with Mr. Zahn during which time Mr. Zahn commented about the state of the office and equipment. *Id.* at 391. However, Mr. Jenson, the Chief of Maintenance, did not mention whether he informed Mr. Zahn's supervisors of such, and there is no evidence in the record establishing whether a "Memorandum for Record" is circulated

denies Plaintiff's objection/motion in part.

### *d.   Armed Security Guard*

Plaintiff submits the Corps' retention of an armed guard following the issuance of the "do not report to work" instructions constitutes an adverse employment action. The Court finds the hiring of the armed guard in this context was not an adverse employment action, as it occurred following the Corps advising Mr. Zahn not to return to work and, therefore, is not "reasonably likely to deter [Mr. Zahn] from engaging in protected activity" as he was no longer on the work site.

Assuming the retention of an armed guard constitutes an adverse employment action and Mr. Zahn established a causal link between his protected activity and this action, the Court finds the Defendant had a legitimate, non-retaliatory reason for retaining the guard. The physicians' letters stated Mr. Zahn was suffering from stress and anxiety due to the working environment; accordingly, the Court is sensitive to the Corps' need to protect its employees from violence and to take precautionary steps to do so. *See Ray v. Henderson*, 217 F.3d 1234, 1244 (9th Cir. 2000). The Court finds Plaintiff failed to meet his burden of showing the Defendant's reason was pretextual. Accordingly, the Court denies Plaintiff's motion/objection in part.

### *e.   Payment for Participation in Arbitration Hearing*

In addition, Plaintiff argues the Defendant's decision to not pay Plaintiff for his participation in the arbitration hearing was an adverse

---

as a standard operating procedure.

11

employment action.  The Court finds the failure to pay Plaintiff for his participation constitutes an adverse employment action, as wage loss is reasonably likely to deter employees from engaging in protected activity. *See Univ. Of Hawai'i Prof'l Assembly v. Cayetano*, 183 F.3d 1096, 1105-06 (9th Cir. 1999).  Yet, assuming Plaintiff established a casual link between the failure to pay him promptly for his participation in the arbitration hearing and his protected activity, the Court finds the Defendant had a legitimate, non-retaliatory reason for not initially paying Plaintiff for his time at the arbitration hearing.  Due to Plaintiff's "medical absence," Plaintiff was on Leave Without Pay; accordingly, the Defendant had to separately handle Plaintiff's wage request associated with his time at the arbitration hearing.  The Court finds Plaintiff failed to meet his burden of showing the Defendant's reason was pretextual.  Accordingly, the Court denies Plaintiff's motion/objection in part.

> *f.   Medical Disclosure*

Plaintiff submits the Corps' disclosure of Plaintiff's medical information constitutes an adverse action.  The Court agrees an inappropriate disclosure of medical information may constitute an adverse action. *See Ray v. Henderson*,217 F.3d 1234, 1241-42 (9th Cir. 2000).

In regards to the letter sent by Mr. Skibby to Mr. Zahn's physicians in the fall of 2000, which asked for updates and opinions as to Mr. Zahn's conditions, the Court finds the Defendant presented a legitimate, non-discriminatory reason for such letters, which Plaintiff has not

sufficiently challenged.[2] These letters were sent following Plaintiff's arrival on the work site and discussion with Mr. Reynolds and Mr. Skibby, discussing what would occur if Plaintiff returned to work. Given the nature of the discussion, Mr. Skibby appropriately sent the letters. In addition, 29 U.S.C. § 2614(a)(5) allows an employer to require an employee to report periodically to the employer as to the status and intention of the employee to return to work.

Plaintiff submits during the meeting in which it was decided to send Plaintiff the "do not report to work instructions" his medical information was improperly shared with individuals who were not his supervisors. In light of the Court's conclusions regarding the issuance of the "do not report to work" instructions, the Court finds it is a question of fact for trial was to whether the information shared at the meeting was an adverse employment decision which was connected to Plaintiff's protected activity.

*g.    "Do not report to work" Instructions*

The Court previously held a triable issue of fact exists as to whether the Defendant's January 7 and 8, 2001, "do not report to work" instructions and then subsequent failure to work with Mr. Zahn to bring him back to work constitute adverse employment actions. The Court then

---

[2] The Court finds it significant that Mr. Reynolds wrote Mr. Zahn a letter dated November 14, 2000, explaining the reasons why a retraction letter was not sent to the physicians. (Ct. Rec. 124: EEOC Vol. 2 at 315-16.)

13

held the Plaintiff failed to present sufficient evidence to show the Defendant's legitimate, non-discriminatory reason– "fitness-for-duty" statement requirement– was pretextual.

In light of Plaintiff's submission of Ed Reynolds' Affidavit, (Ct. Rec. 104), the Court finds Plaintiff has submitted sufficient evidence to create a genuine issue of material fact as to pretext. *See Stegall v. Citadel Broadcasting Co.*, 350 F.3d 1061, 1068 (9th Cir. 2004). Mr. Reynolds states,

> [Mr. Zahn] was discriminated against largely because agency management wrongfully believed that he had a drug and alcohol problem. . . My boss, Brian Applebury suggested that we make use of Mr. Zahn's doctor's letters by interpreting those letters in such a way as to justify issuing orders to Mr. Zahn not to come back to work. . . Mr. Zahn was not provided the agency's real reasons for the issuance of the "do-not-report-to-work" instructions and he was not given an opportunity to respond to any of these charges against him, nor was he represented by anyone.

When viewing the other evidence submitted by Plaintiff, in light of Mr. Reynolds' Affidavit, the Court finds dismissal of Plaintiff's retaliation claim in connection with the "do not report to work" instructions under Title VII, the Rehabilitation Act, and the Americans with Disabilities Action, improper.  A triable issue exists as to whether the Defendant's proffered legitimate, non-discriminatory reason is pretextual; in connection with this issue, Plaintiff may present evidence related to the steps taken by Defendant following the issuance of these instructions to bring Plaintiff back to work (or lack thereof).

  *h.   Retaliation: summary*

Mr. Zahn is allowed to pursue his claim the Defendant took an

14

adverse employment action against him by issuing the do-not-report-to-work instructions and allegedly disclosing personal medical information during the January 2001 meeting in retaliation for Mr. Zahn's overtime grievance and alleged perceived drug and alcohol disability. However, Mr. Zahn may not argue the Defendant retaliated against him by subverting the arbitration hearing, forcing Mr. Zahn to retire, lowering the quality of the office space or equipment, disclosing personal medication information during 2000, failing to pay Mr. Zahn for his attendance at the arbitration hearing, or retaining an armed guard.

   2.   Hostile Working Environment

Mr. Zahn submits the Court's determination that his hostile working environment claim is untimely is erroneous. Mr. Zahn contends he did not receive discovery establishing a hostile working environment until March 8, 2002. The Court stands by its initial finding that the hostile working environment claim is untimely. The discovery received in March 2002 did not so pollute the workplace so as to "alter a term, condition, or privilege of employment" because Mr. Zahn was not working due to the "do not report to work" instructions issued in January 2000. *See Fox v. Gen. Motors*, 247 F.3d 169, 175 (4th Cir. 2001); *Brooks v. City of San Mateo*, 229 F.3d 917, 923 (2000). Accordingly, there was no "working environment" to make hostile. *See Harris v. Forklift Sys.*, 510 U.S. 17, 22 (1993). Therefore, Mr. Zahn needed to have asserted a hostile working environment cause of action, no later than forty-five days after October

15

11, 2001, –the effective date of the disability retirement.[3] *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 117 (2002); *Cherosky v. Henderson*, 330 F.3d 1243, 1246 (9th Cir. 2003). Mr. Zahn did not do so; therefore, he cannot pursue a hostile working environment cause of action. Accordingly, the Court stands by its initial ruling, and Plaintiff's reconsideration motion/objection is denied in part.

    3.   Disability

Mr. Zahn argues he presented sufficient evidence to create a genuine issue of material fact as to whether he was disabled and whether the Defendant regarded him as disabled. The Court did not previously understand Mr. Zahn as arguing that he was disabled due to alcoholism, but rather understood Mr. Zahn to be arguing that the Defendant regarded him as disabled due to alcoholism. Mr. Zahn clarifies that he claims entitlement to reasonable accommodations both because he was disabled and because the Defendant regarded him as disabled.

The evidence submitted shows Mr. Zahn was successful in maintaining alcohol abstinence since November 19, 1998, and had participated in alcohol counseling, resulting in successful completion of a two-year

---

[3] The Court is utilizing October 11, 2001, because this is the last date of "employment," however, the Court is not ruling that October 11, 2001, is the specific date to be utilized for determining when the alleged hostile work environment "ended;" the Court is simply noting, even if the latest possible date is utilized, Plaintiff still did not comply with the forty-five day requirement.

16

deferred prosecution program. (Ct. Rec. 124: EEOC c.d. Vol. 1 at Bates Nos. 000661, 000665, & 000085). By inference, Mr. Zahn was not using alcohol from 1998-2000, the relevant time period and, therefore, the Court finds its previous ruling correct, concluding alcoholism did not substantially limit Mr. Zahn in a major life activity during the relevant time period. *See Newland v. Dalton*, 81 F.3d 904 (9th Cir. 1996). In addition, the Court also stands by its initial finding that Mr. Zahn failed to present sufficient evidence of a substantial limitation in the major life activities of sleeping or working due to stress.

Yet, in light of Mr. Reynolds' Affidavit, the Court concludes Mr. Zahn submitted sufficient evidence to create a genuine issue of material fact as to whether the Corps regarded Mr. Zahn as having a disability that substantially limited the major life activity of work. Mr. Reynolds wrote,

> [Mr. Zahn] was discriminated against largely because agency management wrongfully believed that he had a drug and alcohol problem.
>
> . . .
>
> My thought at the time was that the favored recipient of the overtime assignments was taking unfair advantage of the lack of direction while Mr. Zahn came up short, one, because he asked for assignments, and two, because his supervisor was inappropriately concerned with a potential substance abuse problem even though Mr. Zahn was actively participating in a rehabilitation program.

(Ct. Rec. 104: Reynolds Aff.) Accordingly, the Court finds a genuine issue of material fact exists as to whether the Defendant had a duty to engage in the interactive process with Mr. Zahn and, if so, whether the Defendant engaged in such process. For these reasons, Plaintiff's Motion

17

for Reconsideration/Objections is granted in part.

### 4. Other Causes of Action

In addition to seeking relief under Title VII (the Civil Rights Act of 1991), the Rehabilitation Act, and the Americans with Disabilities Act, Plaintiff sought relief under 29 C.F.R. §§ 791, 1614, and 1630, Executive Order 11748, R.C.W. § 49.60 *et seq.*, and the First and Fourteenth Amendments of the United States Constitution. The Court finds regulations 29 C.F.R. §§ 791, 1614, and 1630 do not afford Plaintiff relief. In addition, the Court finds Executive Order 11748, which established a Federal Energy Office, does not provide relief to Mr. Zahn. However, given the Court found a genuine issue of material fact exists as to whether Defendant considered Mr. Zahn as disabled, under the Americans with Disabilities Act, Mr. Zahn's related-state law claim survives as well, R.C.W. § 49.60 *et seq. See Clarke v. Shoreline School Dist. No. 412*, 106 Wash. 2d 102, 188 (1986).

Mr. Zahn also asserts relief under the First Amendment, presumably in relation to his right to discuss the assignment of overtime. In a First Amendment retaliation claim, a government-employee plaintiff must establish that (1) plaintiff engaged in expressive conduct that addressed a matter of public concern, (2) the government officials took an adverse action against the plaintiff, and (3) the expressive conduct was a substantial or motivating factor for the adverse action. *Alpha Energy Savers, Inc. v. Hansen*, 381 F.3d 917, 923-24 (9th Cir. 2004). This test is largely similar to Title VII's retaliation requirements; yet, it adds an additional element for plaintiff's who are government employees:

18

plaintiff's expressive conduct must have addressed a matter of public concern. *Id.* Plaintiff's unfair assignment of overtime wages claim is not protected because it raised issues of personal interest, rather than a matter of public concern. *See Connick v. Myers*, 461 U.S. 138, 146-48 (1983); *Reinhold v. Elma City*, 13 F3d. Appx. 734, 735 (9th Cir. 2001). Therefore, the Court finds Mr. Zahn failed to establish he is entitled to relief under the First Amendment.

Lastly, Mr. Zahn seeks relief under the Fourteenth Amendment. The Court is unsure as to the ramifications of the Court's current rulings on Mr. Zahn's Fourteenth Amendment cause of action. Accordingly, if the Defendant is so inclined, the Defendant may file a motion to dismiss/summary judgment in connection with this cause of action within three weeks of entry of this Order.

**D.    Jury Demand**

The Court finds Mr. Zahn's jury demand untimely. *See* FED. R. CIVIL P. 38(d); *Lutz v. Glendale Union High School*, 403 F.3d 1061, 1063 (9th Cir. 2005). Accordingly, absent the parties filing a joint stipulation for the remaining matters to be tried before a jury, a bench trial will be held. The Amended Scheduling Order will reflect a bench trial.

For the reasons given above, **IT IS HEREBY ORDERED**:

1.    Plaintiff's Request for Judicial Notice, **(Ct. Rec. 88)**, is **DENIED**.

2.    Plaintiff's Motion to Reopen Discovery, **(Ct. Rec. 112)**, is **DENIED**.

3. Plaintiff's Motion for Reconsideration, **(Ct. Rec. 95)**, taken together with Plaintiff's Objections to February 2, 2005, Order, **(Ct. Rec. 85)**, are **GRANTED IN PART** (the following claims survive: (1) retaliation claim in connection with the issuance of the "do not report to work" instructions under Title VII (related to overtime grievance) and Rehabilitation Act, ADA, and R.C.W. § 49.60 *et seq.* (if Mr. Zahn is found to have been considered disabled by the Defendant) and (2) disability-related claim under the Rehabilitation Act, ADA, and R.C.W. § 49.60 *et seq.* that Defendant, if found to have considered Mr. Zahn as disabled, failed to engage in an interactive process to find reasonable accommodation(s)) and **DENIED IN PART** (all other claims are dismissed, *absent* Mr. Zahn's Fourteenth Amendment cause of action, which the Defendant is given leave to file a dispositive motion within three weeks of receipt of this Order).

4. Defendant's Motion in Limine, **(Ct. Rec. 70)**, and Plaintiff'S Motion in Limine, **(Ct. Rec. 75)**, are **DENIED AS MOOT**, with leave to renew. The Amended Scheduling Order will set a motion in limine filing deadline.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and provide copies to counsel and Plaintiff.

**DATED** this   13th   day of September, 2005.


                          S/ Edward F. Shea
                          EDWARD F. SHEA
                     United States District Judge

Q:\Civil\2003\0356.sept.2005.wpd

20