UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BRIAN ZAHN,<br><br>            Plaintiff,<br><br>      v.<br><br>R.L. BROWNLEE, ACTING SECRETARY, DEPARTMENT OF THE ARMY,<br><br>            Defendant. | NO. CV-03-0356-EFS<br><br>**ORDER DENYING IN PART AND HOLDING IN ABEYANCE IN PART PLAINTIFF'S OBJECTIONS TO SEPTEMBER 14, 2005 [SIC] ORDER AND GRANTING DEFENDANT'S MOTION TO DISMISS** |

    Before the Court, without oral argument, are Plaintiff's Objections to September 14, 2005 [sic] Order (Ct. Rec. 126) and Defendant's Motion to Dismiss Plaintiff's Cause of Action Based on the Fourteenth Amendment (Ct. Rec. 129).  Plaintiff objects to several rulings made by the Court in its September 14, 2005, Order Denying Plaintiff's Motion for Judicial Notice and Motion for Discovery, Granting in Part and Denying in Part Plaintiff's Motion for Reconsideration, and Denying as Moot Motions in Limine (Ct. Rec. 125).  Defendant opposes Plaintiff's objections, and likewise, Plaintiff opposes Defendant's motion.  As explained below, the Court denies in part and holds in abeyance in part Plaintiff's reconsideration motion and grants Defendant's motion.

1

**A.    Plaintiff's Objections/Reconsideration**

The Court construes Plaintiff's Objections to September 14, 2005 [sic] Order as a motion for reconsideration of the following Court determinations: (1) Plaintiff's jury demand was untimely, (2) Plaintiff's forced retirement and hostile working environment claims were untimely, (3) failure to state a claim for subversion of the arbitration hearing, (4) denial of Plaintiff's Judicial Notice request, (5) denial of motion to reopen discovery, (6) ruling of insufficient demonstration of pretext relative to pay for attendance at arbitration, and (7) dismissal of First Amendment cause of action because retaliation is a matter of public concern.  Reconsideration is appropriate if the court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law.  *See All Hawaii Tours, Corp. v. Polynesian Cultural Ctr.*, 116 F.R.D. 645, 648 (D. Hawaii 1987), *rev'd on other grounds*, 855 F.2d 860 (9th Cir. 1988).  As explained below, the Court finds reconsideration is inappropriate because Plaintiff has not presented newly discovered evidence, clear error was not committed, the September 14, 2005, decisions were not manifestly unjust, and there was no intervening change in law.

The Court abides by its decision that Plaintiff's demand for jury was untimely.  Plaintiff did indicate his desire for a jury trial on the civil cover sheet; however, such is not served on opposing counsel and so it does not comply with Federal Rule of Civil Procedure 38(b).  The Court recognizes the Scheduling Order set this matter for a jury trial;

however, this Court action does not alter the fact that Plaintiff's actual jury demand was untimely. Accordingly, absent a joint stipulation for a jury trial, a bench trial will be held.

In regards to the Court's ruling that Plaintiff's forced retirement and hostile working environment claims were untimely, the Court does not find the evidence submitted by Plaintiff or the decisions cited by Plaintiff, *Roshio v. Henderson*, EEOC DOC 01972548, 1999 WL 202752 (1999), or *Leorna v. U.S. Department of State*, 105 F.3d 548 (1997), inconsistent with the Court's ruling. Furthermore, the Court does not find its ruling that Plaintiff failed to state a cause of action related to his arbitration subversion claim is erroneous after reviewing the legal material cited by Plaintiff, including *Ellis v. Frank*, EEOC DOC 05920011, 1992 WL 1374456 (1992).

The Court stands by its decision denying Plaintiff's request for judicial notice. The Court also concludes Plaintiff did not meet his burden of establishing pretext relative to delayed payment for his attendance at the arbitration hearing, even with considering the email sent from Mr. Reynalds to John Skibby (EEOC CD Vol. 2 at 595). In addition, the Court abides by its dismissal of Plaintiff's First Amendment cause of action correct, given that Plaintiff's retaliation claims did not address matters of public concern.

Mr. Zahn still contends further discovery is needed. However, he has not specified what further discovery is needed. The Court will allow Mr. Zahn to specifically list what further discovery is needed , in light of the extensive discovery that has occurred in this lawsuit and the

underlying EEOC action, along with a brief explanation of why this listed discovery is necessary. Plaintiff shall file this list no later than December 16, 2005. Defendant will then have an opportunity to address whether this information has previously been provided, identifying where such could be found. With these filings in hand, the Court will then rule on whether further discovery is needed and the parameters of such.

For the above reasons, the Court denies in part and holds in abeyance in part Plaintiff's motion. The Court has analyzed these issues in depth several times; accordingly, the Court will not entertain another reconsideration motion (objections) on these issues.

**B.   Defendant's Motion to Dismiss Plaintiff's Cause of Action Based on the Fourteenth Amendment**

Defendant asks the Court to dismiss Plaintiff's Fourteenth Amendment causes of action on the grounds that subject matter jurisdiction is lacking over these claims because the Fourteenth Amendment applies to state action and Congress has not consented to the federal government being sued for Fourteenth Amendment violations and adequate statutory Civil Service Reform Act procedures exist for dealing with Mr. Zahn's claims.

The Court agrees Mr. Zahn may not seek relief under the Fourteenth Amendment given that his employer was the federal government, not a state. *See Merrit v. Mackey*, 827 F.2d 1368 (9th Cir. 1977); *Taylor v. United States*, 320 F.3d 843, 846 (9th Cir. 1963). In addition, Plaintiff did not list individual government employees acting in their individual capacity as defendants and, therefore, a *Bivens* action does not lie. *See*

*Holloman v. Watt*, 708 F.2d 1399, 1401-02 (9th Cir. 1984) (citing *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971)). For these reasons, the Court grants Defendants' dismissal motion.

For the reasons given above, **IT IS HEREBY ORDERED**:

1. Plaintiff's Objections to September 14, 2005 [sic] Order **(Ct. Rec. 126)** is **CONSTRUED** as a Motion to Reconsider and is **HELD IN ABEYANCE IN PART** (Plaintiff shall file the list of outstanding necessary discovery and reasons for such **no later than December 16, 2005**) **and DENIED IN PART** (all other aspects). Plaintiff shall not file any other objections/motions for reconsideration on the issues addressed by this Order.

2. Defendant's Motion to Dismiss Plaintiff's Cause of Action Based on the Fourteenth Amendment **(Ct. Rec. 129)** is **GRANTED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and provide copies to counsel and Plaintiff.

**DATED** this ___22nd___ day of November, 2005.

> S/ Edward F. Shea
> EDWARD F. SHEA
> United States District Judge

Q:\Civil\2003\0356.obj.14thamndt.wpd