UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BRIAN ZAHN,<br><br>         Plaintiff,<br><br>     v.<br><br>DR. FRANCIS J. HARVEY, Acting Secretary, Department of Army,<br><br>         Defendant. | NO. CV-03-0356-EFS<br><br>**ORDER GRANTING THE UNITED STATES' MOTION TO STRIKE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REQUESTS FOR JUDICIAL NOTICE** |

Before the Court, without oral argument, are Plaintiff Brian Zahn's Motion for Summary Judgment (Ct. Rec. 169), Plaintiff's Request for Judicial Notice (Ct. Rec. 173), and Defendant Francis J. Harvey's Motion to Strike Plaintiff's Motion for Summary Judgment and Request for Judicial Notice (Ct. Rec. 176). The Court recognizes these motions are not fully briefed; however, the Court finds further briefing is unnecessary. The Court grants the Government's motion and denies as moot Plaintiff's motions for the reasons given below.

**A.   Plaintiff's Motion for Summary Judgment**

Plaintiff's Motion for Summary Judgment filed on July 11, 2008, is untimely because the dispositive motion deadline has long expired. The most recent Scheduling Order (Ct. Rec. 167) filed on January 9, 2008,

ORDER ~ 1

recognized the expiration of the dispositive motion deadline by setting forth only trial-related dates and deadlines. Plaintiff's dispositive motion and memorandum fail to establish a reason for hearing a dispositive motion on this late date - trial is set for October 27, 2008. Accordingly, the Government's motion to strike Plaintiff's dispositive motion is granted.

At trial, Plaintiff may pursue the following claims: (1) retaliation claims in connection with the issuance of the "do not report to work" instructions and the dissemination of medical information in January 2001 under Title VII (overtime grievance) and under the Rehabilitation Act (RA), Americans with Disabilities Act (ADA), and RCW 49.60 *et seq.* if Plaintiff was considered disabled by Defendant; and (2) a disability-related claim that Defendant, if found to have considered Plaintiff disabled, failed to engage in an interactive process to find reasonable accommodation(s) under the RA, ADA, and RCW 49.60 *et seq*. Plaintiff may not argue, nor present evidence, that Defendant retaliated against him by subverting the arbitration hearing, forcing him to retire, lowering the quality of the office space or equipment, disclosing personal medical information during 2000, failing to pay him for his attendance at the arbitration hearing, or retaining an armed guard.

**B.   Plaintiff's Request for Judicial Notice**

Plaintiff asks the Court to take judicial notice of a number of "facts" pursuant to Federal Rule of Evidence 201. The Court finds taking judicial notice of these "facts" is inappropriate because they are subject to reasonable dispute. Accordingly, Plaintiff's request is denied.

ORDER ~ 2

**C.   Conclusion**

For the reasons given above, **IT IS ORDERED**:

1. Defendant Francis J. Harvey's Motion to Strike Plaintiff's Motion for Summary Judgment and Request for Judicial Notice **(Ct. Rec. 176)** is **GRANTED**.

2. Plaintiff Brian Zahn's Motion for Summary Judgment **(Ct. Rec. 169)** is **DENIED AS MOOT** because it is stricken as untimely.

3. Plaintiff's Request for Judicial Notice **(Ct. Rec. 173)** is **DENIED**.

**IT IS SO ORDERED**.  The District Court Executive is hereby directed to enter this Order and to furnish copies to Plaintiff and counsel.

**DATED** this   5th    day of August 2008.


                          s/ Edward F. Shea
                          EDWARD F. SHEA
                     United States District Judge

Q:\Civil\2003\0356.strike.msj.notice.frm

ORDER ~ 3