UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

BRIAN ZAHN,

                    Plaintiff,

          v.

DR. FRANCIS J. HARVEY, Acting
Secretary, Department of
Army,

                    Defendant.

NO. CV-03-0356-EFS

**ORDER DENYING PLAINTIFF'S
MOTION TO AMEND FINDINGS OF
FACT, TO ALTER JUDGMENT, AND
FOR NEW TRIAL**

     Before the Court, without oral argument, is Plaintiff Brian Zahn's Motion to Amend Findings of Fact, to Alter Judgment, and for New Trial. (Ct. Rec. 236.)  Defendant Dr. Francis J. Harvey opposes the motion. After reviewing the submitted material and applicable authority, the Court is fully informed and denies the motion.

**A.   Background**

     A bench trial occurred in the above-captioned matter on October 27 and 28, 2008.  The Court entered its findings of fact and conclusions of law (Ct. Rec. 230) in Defendant's favor on December 31, 2008, and judgment (Ct. Rec. 231) was entered on this same date.  Mr. Zahn filed a notice of appeal on January 7, 2009. (Ct. Rec. 232.)  On January 12, 2009, Mr. Zahn filed the instant motion.  (Ct. Rec. 236.)  The Court

ORDER * 1

1  previously entered an Order recognizing that it has authority to resolve
2  Plaintiff's posttrial motion notwithstanding the appeal.  (Ct. Rec. 240.)

3  **B.   Motion to Amend Findings of Fact**

4        Federal Rule of Civil Procedure 52(b) allows the Court to "amend its
5  findings–or make additional findings–" upon a timely-filed post-judgment
6  motion.  Plaintiff's timely motion asks the Court to amend its findings
7  of fact to reflect that: (1) Defendant violated procedural requirements,
8  (2) Defendant interfered with Plaintiff's Family and Medical Leave Act
9  (FMLA) rights, (3) Defendant deprived Plaintiff of due process
10 requirements under 5 C.F.R. § 752.101 *et seq*. and the collective
11 bargaining agreement (CBA), (4) Defendant retaliated against Plaintiff,
12 and (5) decision-makers employed by Defendant suffered from conflicts of
13 interest.  In his reply, Plaintiff challenges the following specific
14 finding: "There is no evidence that anyone participating in the decision
15 to issue this instruction was motivated by discriminatory bias or
16 retaliatory animus relating to Mr. Zahn's EEOC complaints and workplace
17 grievances."  (Ct. Rec. 230 p. 3 ¶ 3.)

18       Upon review, the Court abides by its factual findings.  The Court
19 fully considered the evidence presented by Plaintiff and appropriately
20 concluded that Plaintiff failed to prove by the preponderance of the
21 evidence that the issuance of the do-not-report-to-work instructions was
22 motivated by discriminatory bias or retaliatory animus relating to Mr.
23 Zahn's EEOC complaints or workplace grievances.  The only claims at trial
24 were retaliation claims under the Americans with Disabilities Act (ADA),
25 Title VII, the Rehabilitation Act (RA), and Washington Law Against
26 Discrimination (WLAD).  Not present at trial were FMLA and CBA claims.
   Accordingly,  the  Court  only  made  factual  findings  regarding  the

ORDER * 2

retaliation claims, and the Court stands by those factual findings. Therefore, Plaintiff's motion to amend findings of fact is denied.

**C.   Motion to Alter Judgment**

Plaintiff asks the Court to alter the judgment under Federal Rule of Civil Procedure 59(e) in Plaintiff's favor.  It is appropriate to alter or amend a judgment under Rule 59(e) if: "'(1) the district court is presented with newly discovered evidence, (2) the district court omitted clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law.'" *United Nat'l Ins. Co. v. Spectrum Worldwide, Inc.*, 2009 WL 224520 (9th Cir. 2009) (quoting *Zimmerman v. City of Oakland*, 225 F.3d 734, 740 (9th Cir. 2001)).

Plaintiff neither identified newly discovered evidence nor an intervening change in controlling law; and, the Court concluded above that its factual findings are not erroneous.  Therefore, the Court's analysis is limited to whether its legal conclusions were erroneous and whether its decision was manifestly unjust.  After considering Plaintiff's arguments and cited authority, the Court finds its conclusions of law were not erroneous and its decision was not manifestly unjust.

First, it was not error to restrict Plaintiff's trial claims to federal and state retaliation claims.  Second, although conflicts of interest may have existed, Plaintiff failed to establish by the preponderance of the evidence that he suffered adverse employment action motivated by his protected activity, thereby causing him damage.  The Ninth Circuit's rulings in *Poland v. Chertoff*, 494 F.3d 1174 (9th Cir. 2007), and *Bergene v. Salt River Project Agricultural Improvement and*

ORDER * 3

*Power District*, 272 F.3d 1136 (9th Cir. 2001), are not contrary to the Court's conclusions.  For these reasons, Plaintiff's motion to alter judgment is denied.

**D.    Motion for New Trial**

Plaintiff also seeks a new trial because (1) his ability to prepare for trial was hampered by (a) the Court's delay in authorization of trial subpoenas, (b) the Court's requirement that Plaintiff amend his exhibit list, and (c) receipt of the pretrial order after trial was complete; and (2) he was denied the ability to conform his claims to account for recent amendments to Washington disability statutes.

A new trial is appropriate after a bench trial "for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court."  Fed. R. Civ. P. 59(a)(1)(B).  The following three grounds have been identified as such reasons: (1) manifest error of law, (2) manifest error of fact, and (3) newly discovered evidence. *Brown v. Wright*, 588 F.2d 708, 710 (9th Cir. 1978) (citing 6A Moore's Fed. Pract. 59.07 at 59-94).

Taking the last issue first, the Court abides by its October 23, 2008 Order (Ct. Rec. 219), which concluded, notwithstanding the recent amendments to the definition of "disability" and "impairment" in Washington, that Plaintiff failed to present sufficient evidence establishing a genuine dispute that he suffered from a substantially limiting impairment requiring accommodation. Therefore, the trial claims were properly limited to Plaintiff's federal and state retaliation claims.

Assuming that inability to prepare for trial is a proper basis for a new trial, the Court finds Plaintiff's ability to prepare for trial was

ORDER * 4

not hampered by the Court.  First, Plaintiff had notice of the October 27, 2008 trial date and related pretrial deadlines since January 8, 2008, when the Court issued the Amended Scheduling Order (Ct. Rec. 167).  The scheduling order required Plaintiff to file an exhibit list assigning each exhibit a number and providing a short description of the exhibit. Plaintiff's August 25, 2008 submission was not an exhibit "list;" rather, it contained Plaintiff's actual exhibits.  (Ct. Rec. 185.)  Defendant objected to this "list" (Ct. Rec. 196), and on October 1, 2008, the Court entered an Order requiring Plaintiff to file an actual exhibit list consistent with the scheduling order's requirements (Ct. Rec. 202).  The Court properly exercised its authority to require Plaintiff to file an actual exhibit list.

The Court also finds that its efforts to assist Plaintiff with the service of trial subpoenas did not hamper Plaintiff's ability to prepare for trial or present his case.  On August 14, 2008, Plaintiff sought service of trial subpoenas on several individuals.  (Ct. Rec. 182.)  The Court entered an Order (Ct. Rec. 193) on September 9, 2008, which declined to issue subpoenas to unlisted witnesses, held in abeyance contested subpoena requests until the pretrial conference so that the Court could benefit from oral argument, and issued subpoenas for six (6) individuals upon the tendering of witness fees.  *Id.*  Within eight (8) business days of Plaintiff tendering witness fees, the Court entered an Order requiring the U.S. Marshal's Service to serve trial subpoenas on John Skibby, Ed Reynolds, and Dr. Glen Frese.  (Ct. Rec. 199.)  Four (4) business days following the October 7, 2008 pretrial conference, the Court memorialized its oral ruling authorizing the issuance of trial subpoenas to contested-witnesses Ms. McCreary, Mr. Thaut, and Mr. Smit.

ORDER * 5

1    (Ct. Rec. 207.)  On October 20, 2008, Plaintiff tendered the witness fees
2    for Mr. Thaut and Ms. McCreary (Ct. Rec. 214), and the next day the Court
3    ordered the U.S. Marshal's Service to serve to these two (2) individuals
4    and also to serve amended subpoenas[1] on Mr. Reynolds and Dr. Frese (Ct.
5    Rec. 216).   Then, on October 23, 2008, the Court entered an Order
6    allowing the U.S. Marshal's Service to serve Ms. McCreary and Mr. Thaut
7    by certified mail given that Plaintiff did not previously provide
8    complete addresses for these two (2) witnesses.  (Ct. Rec. 218.)   The
9    U.S. Marshal's Service was able to complete service on all individuals,
10   except for Mr. Reynolds because the house at the address given was
11   vacant.  (Ct. Rec. 221.)  Upon review of the above events, the Court
12   concludes it acted timely and its actions did not prevent Plaintiff from
13   presenting his case.

14       In addition, the Court concludes Plaintiff's trial preparation was
15   not prejudiced by entry of the Pretrial Conference Order (Ct. Rec. 226)
16   on October 28, 2008 - the last day of trial.  The Pretrial Conference
17   Order simply memorialized the Court's earlier pretrial rulings, which
18   were previously memorialized in Court Records 207 and 219.  These prior
19   Orders, along with the Court's oral pretrial conference rulings,
20   established the trial claims and defenses, trial exhibits and witnesses,
21   and the relief sought.  Plaintiff's trial preparation was not prejudiced
22   by entry of the Pretrial Conference Order on October 28, 2008.

23       For these reasons, the Court concludes a new trial is not warranted.

24   _____

25       [1]  Amended subpoenas were necessary because Plaintiff discovered
26   that he included the wrong date and time on the previously-issued
     subpoenas.

ORDER * 6

**D.    Conclusion**

For the reasons given above, **IT IS HEREBY ORDERED:** Plaintiff's Motion to Amend Findings of Fact, to Alter Judgment, and Motion for New Trial **(Ct. Rec. 236)** is **DENIED.**

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and provide copies to Plaintiff and defense counsel.

**DATED** this 10th day of February 2009.


                          S/ Edward F. Shea
                          EDWARD F. SHEA
                    United States District Judge

Q:\Civil\2003\0356.posttrial.motions.wpd

ORDER * 7