UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BRIAN ZAHN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JOHN McHUGH,[1] Secretary of the Army,<br><br>　　　　　Defendant. | NO. CV-03-0356-EFS<br><br>**ORDER DENYING PLAINTIFF'S FRCP RULE 60b MOTION TO VOID JUDGMENT** |

　　Before the Court, without oral argument, is Plaintiff Brian Zahn's FRCP Rule 60b Motion to Void Judgment (ECF No. 256). Mr. Zahn asks the Court to vacate and reverse the Ninth-Circuit-affirmed December 31, 2008 Judgment (ECF No. 231). Defendant Dr. Francis J. Harvey opposes the motion. (ECF No. 259.) The Court carefully considered Mr. Zahn's pretrial motions, his trial claims and evidence, his post-trial motion, and this post-appeal motion. For the reasons set forth below, the Court finds Mr. Zahn fails to establish that relief is appropriate under Rule 60(b) and thus denies the motion.

///
//
/

---

[1] John McHugh is substituted for his predecessor, Francis J. Harvey, as Secretary of the Army.

ORDER * 1

As to his first due-process argument, the Court finds Mr. Zahn fails to establish that his constitutional rights to liberty and property were taken without due process.[2]

Mr. Zahn's second argument is that the Court erroneously determined that he failed to assert an American with Disabilities Act (ADA) claim solely based on an inappropriate disclosure of medical information. The portion of the Complaint that Mr. Zahn cites in support of such an ADA claim is instead a claim under the ADA that he was constructively discharged because of a hostile work environment. This alleged claim was, in part, based on the alleged wrongful disclosure of Mr. Zahn's personal medical information: a claim the Court found was pled, but dismissed it because it was untimely and Mr. Zahn failed to demonstrate that he was disabled as defined by the ADA (ECF No. 80, pp. 20 & 31).[3]

This leads to Mr. Zahn's third ground for Rule 60(b) relief: that the Court erroneously required Mr. Zahn to prove "disability" as an element for an ADA hostile-work-environment claim. Mr. Zahn contends

---

[2] Mr. Zahn contends the Ninth Circuit did not address his appellate argument that Defendants failed to provide due process. However, the Ninth Circuit addressed his due-process argument in its final broad ruling: "Zahn's remaining contentions are unpersuasive." (ECF No. 253, p. 4.)

[3] At trial, Plaintiff pursued retaliation claims based on an alleged wrongful disclosure of personal medical information under Title VII (42 U.S.C. § 2003e *et al.*), the ADA, the Rehabilitation Act (29 U.S.C. § 794 *et al.*), and the Washington Law Against Discrimination (RCW 49.60 *et al.*).

ORDER ~ 2

that his hostile-work-environment claim should not have been dismissed because the Ninth Circuit does not require "disability" as a necessary element.  The Court disagrees.  First, the Ninth Circuit has not determined whether a plaintiff may maintain a hostile-work-environment claim under the ADA. *See Brown v. City of Tucson*, 336 F.3d 1181, 1190 (9th Cir. 2003) (declining to decide the issue).  Accordingly, the Ninth Circuit has not articulated what elements a plaintiff must prove on a claim of disability-based hostile work environment.  The Fourth and Fifth Circuits recognize a hostile-work-environment claim under the ADA, and both circuits specifically require the plaintiff to prove the hostile treatment was because of the disability. *Fox v. Gen. Motors Corp.*, 247 F.3d 169, 175 (4th Cir. 2001); *Flowers v. S. Reg'l Physician Servs., Inc.*, 247 F.3d 229, 232 (5th Cir. 2001).  Further, in non-disability hostile-work-environment cases, the Ninth Circuit requires the plaintiff to establish that he was subjected to a hostile work environment *because of* the claimed protected status. *Manatt v. Bank of Am., NA*, 339 F.3d 792 (9th Cir. 2003).  Therefore, regardless of the untimeliness of Mr. Zahn's disability-based hostile-work-environment claim, the Court abides by its decision to dismiss his disability-based hostile-work-environment claim because Mr. Zahn failed to establish that he was "disabled."

Also, the Court abides by its ruling that Ed Reynolds' affidavit was inadmissible hearsay; this ruling was affirmed by the Ninth Circuit. (ECF No. 253.)

Finally, the Court finds no mistake, inadvertence, surprise, newly-discoverable evidence, or any other reason that justifies relief from the final (and affirmed) judgment under Rule 60(b).

For the reasons given above, **IT IS HEREBY ORDERED**: Plaintiff's FRCP Rule 60b Motion to Void Judgment **(ECF No. 256)** is **DENIED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and provide copies to Plaintiff and defense counsel.

**DATED** this   14th   day of April 2011.

                                              s/Edward F. Shea
                                              EDWARD F. SHEA
                                     United States District Judge

Q:\Civil\2003\0356.rule60.wpd

ORDER * 4